IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PHILLIP WAYNE STOVER,

               Petitioner,

v.                                              CIVIL ACTION NO.   3:15-cv-06269

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

               Respondent.

**MEMORANDUM OPINION AND ORDER**

The petitioner, Phillip Wayne Stover, instituted this action under 42 U.S.C. § 405(g) on May 15, 2015, seeking judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). By standing order, this action was referred to the Honorable Dwayne L. Tinsley, United States Magistrate Judge, who filed his Proposed Findings and Recommendation (PF & R) on August 31, 2016.  *Proposed Findings & Recommendation*, ECF No. 13.   The PF & R recommends that the Court grant the Petitioner's Brief in Support of Complaint to the extent that Petitioner seeks remand, deny the Brief in Support of Defendant's Decision, reverse the final decision of the Commissioner, and remand this case for proceedings pursuant to § 405(g), and dismiss this matter from the Court's docket.

The Commissioner filed objections to the PF & R on September 9, 2016, which the Court will assess under a *de novo* standard of review.   28 U.S.C. § 636(b)(1)(C).

## I. Background

The Administrative Law Judge (ALJ) deciding Petitioner's disability claim determined that Petitioner suffers severe impairments from type II diabetes mellitus, cerebral thrombosis, diabetic retinopathy, third nerve palsy of the right eye, diabetic macula edema, cerebrovascular accident (CVA), late effects of CVA, depression, and organic disorder. *Decision of the ALJ*, at 4, Tr. 11, ECF No. 8-2. However, the ALJ found that Petitioner maintained, in relevant part, "the residual functional capacity to perform sedentary work …. He is limited to simple, repetitive, routine tasks and is able to adapt to routine and simple changes in task assignments." *Id.* at 6-7, Tr. 13-14. Based on that finding, the ALJ denied Petitioner's application for DIB and SSI.

The PF & R contains a thorough analysis of relevant information on Petitioner's personal, medical, and procedural history. Petitioner originally brought his claim alleging disability on March 7, 2012. After a series of decisions and appeals, the Appeals Council denied review on March 9, 2015, rendering the ALJ decision dated November 6, 2014 the Commissioner's final decision.

## II. Standard of Review

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The scope of this Court's review of the Commissioner's decision, however, is narrow: This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "more than a mere scintilla" of

evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In conducting this review, this Court also must address whether the ALJ analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another). It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). "The issue before [this Court], therefore, is not whether [Petitioner] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id*. (citation omitted).

Applying these standards, the Court has reviewed *de novo* those portions of the PF & R to which the Commissioner objected. For the reasons set forth below, the Court **ADOPTS AND INCORPORATES HEREIN** the PF & R of the Magistrate Judge, **GRANTS** Petitioner's Brief in Support of Complaint, **DENIES** the Brief in Support of Defendant's Decision, and **REMANDS** this case for further proceedings.

### III. Discussion

The PF & R cites multiple reasons as to why the ALJ's decision is not supported by substantial evidence, justifying remand for further proceedings. These include: failing to

appropriately account for Petitioner's limitations in maintaining concentration, persistence, and pace in the hypothetical questions posed to the Vocational Expert (VE), as required under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); failing to explain the weight afforded to Petitioner's lack of medication for his visual impairments; failing to explain Petitioner's alleged nature of being "inconsistent and unpersuasive"; and failing to assess Petitioner's pain through the seven factors enumerated in 20 C.F.R. § 404.1529(c)(3). *Proposed Findings & Recommendation*, ECF No. 13, at 14-26. Defendant objects to the Magistrate Judge's finding that the ALJ's decision was not supported by substantial evidence. *Def.'s Obj. to Proposed Findings & Recommendation*, ECF No. 14.

The PF & R first focuses on the residual functional capacity analysis and the ALJ's exclusion, without explanation, of Petitioner's specific limitations regarding concentration, persistence, and pace. *Proposed Findings & Recommendation*, ECF No. 13, at 20. In *Mascio*, the Fourth Circuit held that the "ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638. As "the ability to perform simple tasks differs from the ability to stay on task", the ALJ needs to include hypothetical questioning on the latter in order to account for a claimant's limitation. *Id.*

As evidenced in the record, Petitioner testified to having memory problems and to difficulty with staying on task for an extended period of time. *Tr. of Oral Hr'g on Oct. 10, 2014*, Tr. 51, 53, ECF No. 8-3. Petitioner's counsel further referenced how the pain in Petitioner's head and eyes would be distracting during an average work day. *Id.* at Tr. 64. Dr. Holly Cloonan evaluated Petitioner and found that he had "moderate difficulties in maintaining concentration, persistence, and pace …." *Decision of the ALJ*, at 5, Tr. 12, ECF 8-2. The ALJ, however, did

not explain why the hypothetical questions posed to the VE did not contain specific limitations that would account for the inability to stay on task. Although this failure does not require automatic remand, "remand may be appropriate … [when] an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (citation omitted).

Defendant's objections point to the evidence in the record that Petitioner can still follow simple and detailed instructions and carry them out at an adequate pace once learned. Tr. 127, ECF No. 8-4. Other district courts have limited *Mascio*'s holding when the record supports a claimant's ability to engage in simple and routine tasks. *See, e.g.*, *Ward v. Colvin*, No. 15-975, 2016 WL 2956376, at *3 (D.S.C. May 23, 2016); *Brewer v. Colvin*, No. 14-712, 2016 WL 1179224, at *5 (W.D. Va. Mar. 23, 2016). If substantial evidence is presented in the ALJ decision to support a specific limitation exclusion, then it may be entirely appropriate to allow for a residual functional capacity including only the limitation to simple and routine tasks. This case, however, does not have sufficient explanation as to why Petitioner's concentration and focus were not addressed in the hypothetical questioning, especially when linked to Petitioner's testimony to pain experienced during a workweek. Since the ALJ recognized Petitioner's difficulties with memory and focus, the exclusion of such limitations in the residual functional capacity analysis without explanation requires remand. *See Decision of ALJ*, at 6, Tr. 13, ECF No. 8-2 ("the record indicates the claimant had difficulty with concentrating and focusing").

In the residual functional capacity section, the ALJ also mentions that Petitioner "has not taken any medications" for the symptoms relating to his visual impairment. *Id.* at 10, Tr. 17. As the Magistrate Judge notes in the PF & R, it is unclear the weight that was afforded to this finding

and how it balances with the numerous surgeries and procedures Petitioner has undergone in attempts to correct his condition. *Proposed Findings & Recommendation*, ECF 13, at 21. According to the Social Security Rulings, the residual functional capacity analysis "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence". SSR 96-8p (S.S.A. July 2, 1996). The ALJ here failed to provide any narrative discussion regarding the weight given to Petitioner's lack of medications, frustrating meaningful review for this Court.

  The Magistrate Judge also points to the inadequacy of assessing pain within the ALJ decision. Objective medical evidence and personal testimony on pain must be considered when determining a claimant's capacity to work. *See, e.g.*, *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994) (finding that a "claimant's subjective complaints [of pain] must be considered"). The regulations provide a list of seven factors to consider in a proper pain assessment. *See* 20 C.F.R. § 505.1529(c)(3). The ALJ decision does not detail the seven factors, but the ALJ notes that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." *Decision of the ALJ*, at 8, Tr. 15, ECF No. 8-2. The Court agrees with the Magistrate Judge's finding that the ALJ decision does not adequately explain why Petitioner is not entirely credible.

  The ALJ attempts to offer a brief explanation of this determination when noting that Petitioner's description of his disability "throughout the record has generally been inconsistent and unpersuasive." *Id.* at 11, Tr. 18. To support this assertion, the ALJ points to Petitioner's testimony of going "blind for a few minutes" when Dr. Lawrence Schaffzin analyzed that it could take "a few seconds" maybe at most to adjust to the light. *Tr. of Oral Hr'g on Oct. 10, 2014*, Tr. 60, ECF No. 8-3; *Decision of ALJ*, at 11, Tr. 18, ECF No. 8-2. This inconsistency alone, however,

does not support a finding that Petitioner is unpersuasive or not credible. In fact, the inconsistency is not as drastic as the ALJ purports it to be. The record indicates that Dr. Schaffzin did not agree with Petitioner's assertion of going blind for a few minutes, but his testimony does support a period of blindness for "[m]aybe 15-20 seconds, 30 seconds". *Tr. of Oral Hr'g on Oct. 10, 2014*, Tr. 60, ECF No. 8-3. Although that time period is less than a few minutes as Petitioner testified, the inconsistency is less severe than the ALJ describes. Defendant's objections also focus on Petitioner's inconsistencies throughout the record as support for the ALJ decision, but without further explanation within the ALJ decision itself, the Court's review is frustrated. The ALJ has broad authority in crediting and discrediting evidence, including Petitioner's testimony, but this needs to be fully explained within the decision's narrative.

If the ALJ finds Petitioner to be unpersuasive and generally not credible, this could support the exclusion of pain and lack of concentration and focus in the hypothetical questions posed to the VE. Petitioner's testimony on headaches, eye pain, and "brain fog" throughout the workweek could, however, require further limitations in the hypothetical questions. The exclusions, thus, need to be further explained within the ALJ decision in order for the Court to provide meaningful review. *See* SSR 96-8p (S.S.A. July 2, 1996) ("The [ALJ] must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.").

**IV. Conclusion**

Although it is not this Court's role to weigh the evidence presented to the ALJ, the ALJ decision denying a claimant's application for benefits must be supported by substantial evidence. The latest ALJ decision in Petitioner's case frustrates meaningful review as it fails to explain the reasoning behind excluding evidence of pain, ability to stay on task throughout the day, and the inconsistencies relied upon when discrediting Petitioner's testimony.

Accordingly, having received the PF & R and the Commissioner's objections, and having reviewed the record *de novo*, it is **ORDERED**:

1. That the PF & R be, and hereby is, **ADOPTED AND INCORPORATED HEREIN**;

2. That the Petitioner's Brief in Support of Complaint is **GRANTED**;

3. That the Brief in Support of Defendant's Decision is **DENIED**;

4. That the final decision of the Commissioner is **REVERSED**;

5. That the case is **REMANDED** for further proceedings; and

6. That this matter is **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Tinsley, counsel of record, and any unrepresented parties.

ENTER: September 27, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE